**Fill in this information to identify the case:**

Debtor 1 _Jorge L Medina_

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _District of New Jersey (Camden)_

Case number _23-10218_

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | _Limosa, LLC_ <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☒ No <br> ☐ Yes. From whom? |
| **3. Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> _Land Home Financial Services, Inc._ <br> Name <br><br> _3611 South Harbor Blvd Suite 100_ <br> Number     Street <br><br> _Santa Ana, CA 92704_ <br> City          State          ZIP Code <br><br> Contact phone _877-557-9042_ <br> Contact email _LH.Docs@lhfs.com_ <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br><br> — — — — — — — — — — — — — — — — — — — — — — — —     **Where should payments to the creditor be sent?** (if different) <br><br> _Land Home Financial Services, Inc._ <br> Name <br><br> _PO BOX 25164_ <br> Number     Street <br><br> _Santa Ana, CA 92799-5164_ <br> City          State          ZIP Code <br><br> Contact phone _877-557-9042_ <br> Contact email _LH.Docs@lhfs.com_ |
| **4. Does this claim amend one already filed?** | ☒ No <br> ☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____ <br>                                                    MM / DD   / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No <br> ☐ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  8464

---

**7. How much is the claim?**  $250,973.87 . **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

---

**9. Is all or part of the claim secured?**

☐ No

☒ Yes. The claim is secured by a lien on property.

**Nature of property: 404 HENDERSON AVE, MILLVILLE, NJ 08332**

☒ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**    Mortgage / Deed of Trust

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $250,973.87

**Amount of the claim that is unsecured:**  $0.00    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $80,690.28

**Annual Interest Rate** (when case was filed) 6.0000  %

☒ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

---

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

---

| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No | **Amount entitled to priority** |
|---|---|---|
| | ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/21/2023
                    MM / DD / YYYY

/s/ Taylor Bartle
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Taylor Bartle, Supervisor | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Representative for Limosa, LLC | | |
| Company | Weinstein & Riley, P.S. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 2001 Western Ave, Ste 400 | | |
| | Number          Street | | |
| | Seattle, WA 98121 | | |
| | City | State | ZIP Code |
| Contact phone | 8773323543 | Email | bncmail@w-legal.com |

## Mortgage Proof of Claim Attachment

**(12/15)**

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | Part 3: Arrearage as of Date of the Petition | Part 4: Monthly Mortgage Payment |
|---|---|---|---|
| Case number: 23-10218 | Principal balance: $196,801.84 | Principal & interest due: $57,896.04 | Principal & interest: $1,801.08 |
| Debtor 1: Jorge L Medina | Interest due: $31,377.79 | Prepetition fees due: $16,930.83 | Monthly escrow: $0.00 |
| Debtor 2: | Fees, costs due: $16,930.83 | Escrow deficiency for funds advanced: $5,863.41 | Private mortgage insurance: $0.00 |
| Last 4 digits to identify: 8464 | Escrow deficiency for funds advanced: $5,863.41 | Projected escrow shortage: $0.00 | Total monthly payment: $1,801.08 |
| Creditor: Limosa, LLC | Less total funds on hand: $0.00 | Less funds on hand: $0.00 | |
| Servicer: | Total debt: $250,973.87 | Total prepetition arrearage: $80,690.28 | |
| Fixed accrual/daily simple interest/other: Fixed | | | |

### Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **A.** Date | **B.** Contractual payment amount | **C.** Funds received | **D.** Amount incurred | **E.** Description | **F.** Contractual due date | **G.** Prin, int & esc past due balance | **H.** Amount to principal | **I.** Amount to interest | **J.** Amount to escrow | **K.** Amount to fees or charges | **L.** Unapplied funds | **M.** Principal balance | **N.** Accrued interest balance | **O.** Escrow balance | **P.** Fees / Charges balance | **Q.** Unapplied funds balance |
| 2/11/2019 | | | | New Loan | $ - | | | | | | | $ 184,391.17 | $ - | 248.85 | $ - |
| 2/11/2019 | | | $ 6,074.58 | Prior srvcr Escw Adv | $ - | | | | $ 6,074.58 | | | $ 184,391.17 | $ - | $ 6,323.43 | |
| 2/11/2019 | | | $ 3,302.25 | Prior srvcr Corp Adv | $ - | | | | | $ 3,302.25 | | $ 184,391.17 | $ - | $ 9,625.68 | |
| 3/1/2019 | $ 1,244.30 | | | Installment due | $ 1,244.30 | | | | | | | $ 184,391.17 | $ - | $ 9,625.68 | |
| 3/8/2019 | | $ 62.21 | | Unapplied payment | $ 1,244.30 | | | | | | | $ 184,391.17 | $ - | $ 9,625.68 | |
| 4/1/2019 | $ 1,244.30 | | | Installment due | $ 2,488.60 | | | | | | | $ 184,391.17 | $ - | $ 9,625.68 | |
| 4/16/2019 | | | $ 113.00 | Attorney Fees & | $ 2,488.60 | | | | | $ 113.00 | | $ 184,391 | $ - | $ 9,738.6 | $ - |

| Date | $ | $ | Description | $ | | | $ | $ | $ | $ |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Costs | | | | | .17 | | 8 |
| 5/1/2019 | $ 1,244.30 | | Installment due | $ 3,732.90 | | | | $ 184,391.17 | $ - | $ 9,738.68 | $ - |
| 5/1/2019 | | $ 25.12 | Late Fee Assessment | $ 3,732.90 | | | $ 25.12 | $ 184,391.17 | $ - | $ 9,763.80 | $ - |
| 5/13/2019 | | $ 162.52 | Delinquent Prop Tax | $ 3,732.90 | | | $ 162.52 | $ 184,391.17 | $ - | $ 9,926.32 | $ - |
| 5/13/2019 | | $ 1,335.09 | Delinquent Prop Tax | $ 3,732.90 | | | $ 1,335.09 | $ 184,391.17 | $ - | $ 11,261.41 | $ - |
| 5/16/2019 | | $ 25.12 | Late Fee Assessment | $ 3,732.90 | | | $ 25.12 | $ 184,391.17 | $ - | $ 11,286.53 | $ - |
| 6/1/2019 | $ 1,244.30 | | Installment due | $ 4,977.20 | | | | $ 184,391.17 | $ - | $ 11,286.53 | $ - |
| 6/18/2019 | | $ 25.12 | Late Fee Assessment | $ 4,977.20 | | | $ 25.12 | $ 184,391.17 | $ - | $ 11,311.65 | $ - |
| 7/1/2019 | $ 1,244.30 | | Installment due | $ 6,221.50 | | | | $ 184,391.17 | $ - | $ 11,311.65 | $ - |
| 7/16/2019 | | $ 25.12 | Late Fee Assessment | $ 6,221.50 | | | $ 25.12 | $ 184,391.17 | $ - | $ 11,336.77 | $ - |
| 8/1/2019 | $ 1,244.30 | | Installment due | $ 7,465.80 | | | | $ 184,391.17 | $ - | $ 11,336.77 | $ - |
| 8/16/2019 | | | Late Fee Assessment | $ 7,465.80 | | | $ 25.12 | $ 184,391.17 | $ - | $ 11,361.89 | $ - |
| 9/1/2019 | $ 1,244.30 | | Installment due | $ 8,710.10 | | | | $ 184,391.17 | $ - | $ 11,361.89 | $ - |
| 9/17/2019 | | $ 25.12 | Late Fee Assessment | $ 8,710.10 | | | $ 25.12 | $ 184,391.17 | $ - | $ 11,387.01 | $ - |
| 10/1/2019 | $ 1,244.30 | | Installment due | $ 9,954.40 | | | | $ 184,391.17 | $ - | $ 11,387.01 | $ - |
| 10/1/2019 | | $ 65.51 | Attorney Fees & Costs | $ 9,954.40 | | | $ 65.51 | $ 184,391.17 | $ - | $ 11,452.52 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/16/2019 | | $25.12 | Late Fee Assessment | | $9,954.40 | | | | $25.12 | $184,391.17 | $- | $11,477.64 | $- |
| 11/1/2019 | $1,244.30 | | Installment due | | $11,198.70 | | | | | $184,391.17 | $- | $11,477.64 | $- |
| 11/21/2019 | | $1,244.30 | Payment | 5/1/2018 | $9,954.40 | $320.58 | $307.32 | $616.40 | $- | $184,070.59 | $616.40 | $11,477.64 | $- |
| 11/21/2019 | | $1,244.30 | Payment | 6/1/2018 | $8,710.10 | $321.12 | $306.78 | $616.40 | $- | $183,749.47 | $1,232.80 | $11,477.64 | $- |
| 11/21/2019 | | $1,161.36 | Unapplied payment | 7/1/2018 | $8,710.10 | | | | | $183,749.47 | $1,232.80 | $11,477.64 | $- |
| 11/26/2019 | | $1,244.30 | Payment | 7/1/2018 | $7,465.80 | $321.65 | $306.25 | $616.40 | $- | $183,427.82 | $1,849.20 | $11,477.64 | $- |
| 11/26/2019 | | $580.68 | Unapplied payment | 8/1/2018 | $7,465.80 | | | | $- | $183,427.82 | $1,849.20 | $11,477.64 | $- |
| 11/26/2019 | | $1,244.30 | Payment | 8/1/2018 | $6,221.50 | $322.19 | $305.71 | $616.40 | $- | $183,105.63 | $2,465.60 | $11,477.64 | $- |
| 11/26/2019 | $580.68 | $- | Unapplied payment | 9/1/2018 | $6,221.50 | | | $- | $- | $183,105.63 | $2,465.60 | $11,477.64 | $- |
| 11/27/2019 | | $25.12 | Unapplied payment | 11/1/2019 | $6,221.50 | | | $- | $25.12 | $183,105.63 | $2,465.60 | $11,502.76 | $- |
| 12/1/2019 | $1,244.30 | | Installment due | | $7,465.80 | | | | | $183,105.63 | $2,465.60 | $11,502.76 | $- |
| 12/17/2019 | | $25.12 | Late Fee Assessment | 11/1/2019 | $7,465.80 | | | | $25.12 | $183,105.63 | $2,465.60 | $11,527.88 | $- |
| 12/19/2019 | | $1,269.42 | Unapplied payment | 9/1/2018 | $7,465.80 | | | $- | | $183,105.63 | $2,465.60 | $11,527.88 | $- |
| 12/19/2019 | | $1,244.30 | Payment | 9/1/2018 | $6,221.50 | $322.72 | $305.18 | $616.40 | | $182,782.91 | $3,082.00 | $11,527.88 | $- |
| 12/19/2019 | $25.12 | | Payment | 1/1/2018 | $6,221.50 | | | | $(25.12) | $182,782.91 | $3,082.00 | $11,502.76 | $- |
| 1/1/2... | $ | | Installment | | $ | | | $ | | $ | | $ | $ |

| Date | | | Description | Date | Amount | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 020 | 1,244.30 | | due | | 7,465.80 | | | | - | 182,782.91 | 3,082.00 | 11,502.76 | - |
| 1/8/2020 | | $25.12 | Late Fee Assessment | 12/15/2019 | $7,465.80 | | | $- | $25.12 | $182,782.91 | $3,082.00 | $11,527.88 | $ |
| 1/13/2020 | | | Principal adjustment | 10/15/2018 | $7,465.80 | $(14,811.68) | | $- | $- | $197,594.59 | $3,082.00 | $11,527.88 | $ |
| 1/13/2020 | $178.51 | | Attorney Fees & Costs | 2/15/2020 | $7,465.80 | | | $ | $(178.51) | $197,594.59 | $3,082.00 | $11,349.37 | |
| 1/13/2020 | | $3,302.25 | Prior srvcr Corp Adv | 2/15/2020 | $7,465.80 | | | $ | $(3,302.25) | $197,594.59 | $3,082.00 | $8,047.12 | $ |
| 1/13/2020 | | $6,074.58 | Prior srvcr Escw Adv | 2/15/2020 | $7,465.80 | | | $ | $(6,074.58) | $197,594.59 | $3,082.00 | $1,972.54 | $ |
| 1/13/2020 | $1,497.61 | | Delinquent Prop Tax | 2/15/2020 | $7,465.80 | | | $ | $(1,497.61) | $197,594.59 | $3,082.00 | $474.93 | $ |
| 1/13/2020 | | | Late Fee Waived | 2/15/2020 | $7,465.80 | | | | $(474.93) | $197,594.59 | $3,082.00 | $0.00 | $ |
| 1/14/2020 | | $1,115.51 | Unapplied payment | 2/15/2020 | $7,465.80 | | | | | $197,594.59 | $3,082.00 | $0.00 | $ |
| 1/14/2020 | $1,115.51 | | Deferred Principal | 2/15/2020 | $7,465.80 | | | | | $197,594.59 | $3,082.00 | $0.00 | $ |
| 2/13/2020 | | $1,179.46 | Delinquent Prop Tax | 2/15/2020 | $7,465.80 | | | | $1,179.46 | $197,594.59 | $3,082.00 | $1,179.46 | $ |
| 2/13/2020 | $3,082.00 | | City Bill 1 | 2/15/2020 | $7,465.80 | | | $(3,082.00) | | $197,594.59 | $- | $1,179.46 | $ |
| 2/13/2020 | $1,801.08 | | Payment | 1/1/2020 | $5,664.72 | $196.71 | $987.97 | $616.40 | | $197,397.88 | 616.40 | $1,179.46 | $ |
| 2/15/2020 | $1,801.08 | | Installment due | 2/15/2020 | $7,465.80 | | | | $- | $197,397.88 | 616.40 | 1,179.46 | $ |
| 3/15/2020 | $1,801.08 | | Installment due | 3/1/2020 | $9,266.88 | | | $- | $- | $197,397.88 | $616.40 | $1,179.46 | $ |
| 3/18/2020 | $1,801.0 | | Payment | 3/15/2020 | $7,465.80 | $197.69 | $986.99 | $616.40 | | $197,200 | $1,232.8 | $1,179.4 | $ |

| Date | $ | $ (8) | $ | Description | Date | $ | $ | $ | $ | $ | $ (.19) | $ (0) | $ (6) | $ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/15/2020 | 1,801.08 | | | Installment due | 4/15/2020 | 9,266.88 | | | | | 197,200.19 | 1,232.80 | 1,179.46 | - |
| 4/16/2020 | | 1,801.08 | | Payment | 4/15/2020 | 7,465.80 | 198.68 | 986.00 | 616.40 | | 197,001.51 | 1,849.20 | 1,179.46 | - |
| 5/15/2020 | 1,801.08 | | | Installment due | 5/15/2020 | 9,266.88 | | | | - | 197,001.51 | 1,849.20 | 1,179.46 | |
| 5/19/2020 | | 1,801.08 | | Payment | 5/15/2020 | 7,465.80 | 199.67 | 985.01 | 616.40 | | 196,801.84 | 2,465.60 | 1,179.46 | - |
| 6/4/2020 | | 1,361.86 | | City Bill 2 | 4/10/2020 | 7,465.80 | | | (1,361.86) | | 196,801.84 | 1,103.74 | 1,179.46 | - |
| 6/15/2020 | 1,801.08 | | | Installment due | 6/15/2020 | 9,266.88 | | | | | 196,801.84 | 1,103.74 | 1,179.46 | - |
| 7/15/2020 | 1,801.08 | | | Installment due | 7/15/2020 | 11,067.96 | | | | | 196,801.84 | 1,103.74 | 1,179.46 | - |
| 8/5/2020 | | 1,103.74 | | City Bill 3 | 7/10/2020 | 11,067.96 | | | (1,103.74) | | 196,801.84 | - | 1,179.46 | - |
| 8/5/2020 | | | 381.03 | Delinquent Prop Tax | 6/15/2020 | 11,067.96 | | | | 381.03 | 196,801.84 | - | 1,560.49 | - |
| 8/15/2020 | 1,801.08 | | | Installment due | 8/15/2020 | 12,869.04 | | | | | 196,801.84 | - | 1,560.49 | - |
| 9/15/2020 | 1,801.08 | | | Installment due | 9/15/2020 | 14,670.12 | | | | | 196,801.84 | - | 1,560.49 | - |
| 10/15/2020 | 1,801.08 | | | Installment due | 10/15/2020 | 16,471.20 | | | | | 196,801.84 | - | 1,560.49 | - |
| 11/3/2020 | | | 1,486.01 | Delinquent Prop Tax | 6/15/2020 | 16,471.20 | | | | 1,486.01 | 196,801.84 | - | 3,046.50 | - |
| 11/15/2020 | 1,801.08 | | | Installment due | 11/15/2020 | 18,272.28 | | | | | 196,801.84 | - | 3,046.50 | - |
| 12/15/2020 | 1,801.08 | | | Installment due | 12/15/2020 | 20,073.36 | | | | | 196,801.84 | - | 3,046.50 | - |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/15/2021 | $ 1,801.08 | | Installment due | 1/15/2021 | $ 21,874.44 | | | | $ 196,801.84 | $ - | $ 3,046.50 | $ - |
| 2/10/2021 | | $ 1,428.78 | Delinquent Prop Tax | 6/15/2020 | $ 21,874.44 | | | $ 1,428.78 | $ 196,801.84 | $ - | $ 4,475.28 | $ - |
| 2/15/2021 | $ 1,801.08 | | Installment due | 2/15/2021 | $ 23,675.52 | | | | $ 196,801.84 | $ - | $ 4,475.28 | $ - |
| 3/15/2021 | $ 1,801.08 | | Installment due | 3/15/2021 | $ 25,476.60 | | | | $ 196,801.84 | $ - | $ 4,475.28 | $ - |
| 4/15/2021 | $ 1,801.08 | | Installment due | 4/15/2021 | $ 27,277.68 | | | | $ 196,801.84 | $ - | $ 4,475.28 | $ - |
| 4/21/2021 | | $ 1,416.47 | Delinquent Prop Tax | 6/15/2020 | $ 27,277.68 | | | $ 1,416.47 | $ 196,801.84 | $ - | $ 5,891.75 | $ - |
| 5/15/2021 | $ 1,801.08 | | Installment due | | $ 29,078.76 | | | | $ 196,801.84 | $ - | $ 5,891.75 | $ - |
| 6/15/2021 | $ 1,801.08 | | Installment due | | $ 30,879.84 | | | | $ 196,801.84 | $ - | $ 5,891.75 | $ - |
| 7/15/2021 | $ 1,801.08 | | Installment due | | $ 32,680.92 | | | | $ 196,801.84 | $ - | $ 5,891.75 | $ - |
| 8/15/2021 | $ 1,801.08 | | Installment due | | $ 34,482.00 | | | | $ 196,801.84 | $ - | $ 5,891.75 | $ - |
| 9/15/2021 | $ 1,801.08 | | Installment due | | $ 36,283.08 | | | | $ 196,801.84 | $ - | $ 5,891.75 | $ - |
| 10/15/2021 | $ 1,801.08 | | Installment due | | $ 38,084.16 | | | | $ 196,801.84 | $ - | $ 5,891.75 | $ - |
| 11/11/2021 | | $ 52.07 | Attorney Fees & Costs | 6/15/2020 | $ 38,084.16 | | | $ 52.07 | $ 196,801.84 | $ - | $ 5,943.82 | $ - |
| 11/15/2021 | $ 1,801.08 | | Installment due | | $ 39,885.24 | | | | $ 196,801.84 | $ - | $ 5,943.82 | $ - |
| 12/9/2021 | | $ 746.76 | Haz Lender Prem | 6/15/2020 | $ 39,885.24 | | | $ 746.76 | $ 196,801.84 | $ - | $ 6,690.58 | $ - |
| 12/1 | | | Installment | | $ | | | | $ | $ | $ | $ |

| Date | | | Description | | Amount | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/2021 | | | due | | 39,885.24 | | | | 196,801.84 | - | 6,690.58 | - |
| 1/15/2022 | | | Installment due | | $39,885.24 | | | | $196,801.84 | $- | $6,690.58 | $ |
| 2/15/2022 | | | Installment due | | $39,885.24 | | | | $196,801.84 | $- | $6,690.58 | $ |
| 3/1/2022 | | $3,289.12 | Delinquent Prop Tax | 6/15/2020 | $39,885.24 | | | $3,289.12 | $196,801.84 | $- | $9,979.70 | $ |
| 3/1/2022 | | $1,643.28 | Delinquent Prop Tax | 6/15/2020 | $39,885.24 | | | $1,643.28 | $196,801.84 | $- | $11,622.98 | $ |
| 3/2/2022 | | $47.39 | Late Fee Assessment | 2/15/2022 | $39,885.24 | | | $47.39 | $196,801.84 | $- | $11,670.37 | $- |
| 3/15/2022 | $1,801.08 | | Installment due | | 41,686.32 | | | | $196,801.84 | $- | $11,670.37 | $ |
| 3/25/2022 | | $1,239.84 | Haz Lender Prem | 6/15/2020 | 41,686.32 | | | $1,239.84 | $196,801.84 | $- | $12,910.21 | $- |
| 3/30/2022 | | $47.39 | Late Fee Assessment | 3/15/2022 | 41,686.32 | | | $47.39 | $196,801.84 | $- | $12,957.60 | $ |
| 4/15/2022 | $1,801.08 | | Installment due | | 43,487.40 | | | | $196,801.84 | $- | $12,957.60 | $- |
| 4/18/2022 | | $13.64 | Overnight mail asssess | 6/15/2020 | 43,487.40 | | | $13.64 | $196,801.84 | $- | $12,971.24 | $ |
| 4/25/2022 | | $1,675.00 | Attorney Fees & Costs | 6/15/2020 | 43,487.40 | | | $1,675.00 | $196,801.84 | $- | $14,646.24 | $ |
| 5/2/2022 | | $47.39 | Late Fee Assessment | 4/15/2022 | 43,487.40 | | | $47.39 | $196,801.84 | $- | $14,693.63 | $ |
| 5/5/2022 | | $13.82 | Overnight mail asssess | 6/15/2020 | 43,487.40 | | | $13.82 | $196,801.84 | $- | $14,707.45 | $ |
| 5/15/2022 | $1,801.08 | | Installment due | | 45,288.48 | | | | $196,801.84 | $- | $14,707.45 | $ |
| 6/1/2022 | | $47.39 | Late Fee Assessment | | 45,288.48 | | | $47.39 | 196,801 | $- | 14,754. | $ |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | t | | | | | .84 | | 84 | |
| 6/6/2022 | | | $ 1,528.06 | Postage Disb | 6/15/2020 | $ 45,288.48 | | | $ 196,801.84 | $ - | $ 14,754.84 | $ - |
| 6/15/2022 | $ 1,801.08 | | | Installment due | | $ 47,089.56 | | | $ 196,801.84 | $ - | $ 14,754.84 | $ - |
| 6/16/2022 | | $ 866.19 | | Haz Lender Prem | 6/15/2020 | $ 47,089.56 | | $ (866.19) | $ 196,801.84 | $ - | $ 13,888.65 | $ - |
| 6/21/2022 | | | $ 1,666.13 | Haz Lender Prem | 6/15/2020 | $ 47,089.56 | | $ 1,666.13 | $ 196,801.84 | $ - | $ 15,554.78 | $ - |
| 6/30/2022 | | | $ 47.39 | Late Fee Assessment | 6/15/2020 | $ 47,089.56 | | $ 47.39 | $ 196,801.84 | $ - | $ 15,602.17 | $ - |
| 7/15/2022 | $ 1,801.08 | | | Installment due | | $ 48,890.64 | | | $ 196,801.84 | $ - | $ 15,602.17 | $ - |
| 7/28/2022 | | | $ 1,046.48 | Default Legal Fee | 6/15/2020 | $ 48,890.64 | | $ 1,046.48 | $ 196,801.84 | $ - | $ 16,648.65 | $ - |
| 8/1/2022 | | | $ 47.39 | Late Fee Assessment | 7/15/2022 | $ 48,890.64 | | $ 47.39 | $ 196,801.84 | $ - | $ 16,696.04 | $ - |
| 8/15/2022 | $ 1,801.08 | | | Installment due | | $ 50,691.72 | | | $ 196,801.84 | $ - | $ 16,696.04 | $ - |
| 8/30/2022 | | | $ 47.39 | Late Fee Assessment | 8/15/2022 | $ 50,691.72 | | $ 47.39 | $ 196,801.84 | $ - | $ 16,743.43 | $ - |
| 9/15/2022 | $ 1,801.08 | | | Installment due | | $ 52,492.80 | | | $ 196,801.84 | $ - | $ 16,743.43 | $ - |
| 9/30/2022 | | | $ 47.39 | Late Fee Assessment | 9/15/2022 | $ 52,492.80 | | $ 47.39 | $ 196,801.84 | $ - | $ 16,790.82 | $ - |
| 10/7/2022 | | | $ 92.62 | Default Legal Fee | 6/15/2020 | $ 52,492.80 | | $ 92.62 | $ 196,801.84 | $ - | $ 16,883.44 | $ - |
| 10/15/2022 | $ 1,801.08 | | | Installment due | | $ 54,293.88 | | | $ 196,801.84 | $ - | $ 16,883.44 | $ - |
| 11/1/2022 | | | $ 47.39 | Late Fee Assessment | 10/15/2022 | $ 54,293.88 | | $ 47.39 | $ 196,801.84 | $ - | $ 16,930.83 | $ - |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/15/2022 | $ 1,801.08 | | | Installment due | | $ 56,094.96 | | | | | $ 196,801.84 | | $ - | $ 16,930.83 | $ - |
| 12/15/2022 | $ 1,801.08 | | | Installment due | | $ 57,896.04 | | | | | $ 196,801.84 | | $ - | $ 16,930.83 | $ - |
| 01/10/2023 | | | | BK Filing date | | $ 57,896.04 | | | | | $ 196,801.84 | | $ - | $ 16,930.83 | $ - |

Exhibit - Filed Proof of Claim     Page 13 of 67

| INSTRUMENT NUMBER: | DOCUMENT TYPE: |
|---|---|
| ▮ | **ASSIGNMENT OF MORTGAGE** |

**Official Use Only**

**Return Address** *(for recorded documents)*

WEINSTEIN & RILEY, P.S.
2001 WESTERN AVE, SUITE 400
SEATTLE WA 98121

CELESTE RILEY, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
▮
RECORDED ON
07/17/2019 06:08:32 PM
BOOK: 04182  PAGE: 6476
RJ

Consideration:

| | |
|---|---|
| **No. of Pages** *(excluding Summary Sheet)* | 3 |
| **Recording Fee** *(excluding Transfer Tax)* | $60.00 |
| **Realty Transfer Tax** | $0.00 |
| **Amount Charged** | | $60.00 |
| **Parcel Information** | Block:<br>Lot:<br>Municipality: |
| **First Party Name** | ATLANTICA LLC |
| **Second Party Name** | ISANTHES LLC |

MAIL COPY _____
NO COPY _____
ENVELOPE _____

ADDITIONAL STAMPINGS _____

**Additional Information (Official Use Only)**

▮

*************************** ***DO NOT REMOVE THIS PAGE.*** ***************************
***COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD***
**************** ***RETAIN THIS PAGE FOR FUTURE REFERENCE*** ****************

NOTE: If the document data differs from this cover sheet, the document data always supersedes the cover page.
COVER PAGE DOES NOT INCLUDE ALL DATA. PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

**Cumberland County Recording Data Page**
**Honorable Celeste M. Riley**
**Cumberland County Clerk**

| | |
|---|---|
| **Cumberland County Recording Data Page**<br>**Honorable Celeste M. Riley**<br>**Cumberland County Clerk** | *Official Use Only - Barcode* |
| *Official Use Only - Record & Return*<br>Weinstein & Riley, P.S.<br>2001 Western Ave, Suite 400<br>Seattle, WA 98121 | *Official Use Only - Realty Transfer Fee* |
| Date of Document:<br>   2019-07-17 | Type of Document:<br>   ASSIGNMENT OF MORTGAGE |
| First Party Name:<br>   Atlantica, LLC | Second Party Name:<br>   ISANTHES, LLC |

Additional Parties:

---

**THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY**

| Block: | Lot: |
|---|---|

Municipality
   MILLVILLE

Consideration:

Mailing Address of Grantee:

---

**THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOKING & PAGING INFORMATION FOR**
**ASSIGNMENTS, RELEASES, SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY**

Original Instrument:
   ████

| Original Book: | Original Page: |
|---|---|
| ████ | ████ |

---

**CUMBERLAND COUNTY RECORDING DATA PAGE**
Please do not detach this page from the original document as it
contains important recording information and is part of the permanent record.

Cumberland County Clerk     BK 04182  PG 6478     07/17/2019 06:08 PM     3 of 4

Case 23-20218-ABA    Doc 93-1  Filed 03/02/23  Desc Main Document    Page 14:57:29  Desc
Exhibit - Filed Proof of Claim     Page 15 of 67

Recording Requested By:
Weinstein & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121-3132

When Recorded Mail To:
ISANTHES, LLC
2003 WESTERN AVE STE 340
SEATTLE, WA 98121

Prepared:   David Ussery
Reference No.: ████████

Space above this line for Recorder's use only

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

**Assignor:** ATLANTICA, LLC
**Assignee:** ISANTHES, LLC

For Value Received, the undersigned **ATLANTICA, LLC,** its successors and/or assigns, whose address is 2003 WESTERN AVE STE 340 SEATTLE, WA 98121 , hereby conveys, assigns, and transfers to **ISANTHES, LLC,** its successors and/or assigns, whose address is 2003 WESTERN AVE STE 340 SEATTLE, WA 98121 all interest under that certain Mortgage Dated: 5/18/2009, in the amount of $201,408.00 executed by JORGE L MEDINA to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MLD MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS.   Recorded: 5/29/2009, Instrument#: 342980, Book: 4058, Page: 2074 in CUMBERLAND County, State of New Jersey describing land herein as: **SEE ATTACHED 'EXHIBIT A.'**

This Assignment is not subject to the requirements of section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

Property Address: 404 HENDERSON AVENUE, MILLVILLE, NJ, 08332

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage/Deed of Trust/Security Deed.

Dated: 07/17/2019                                                        ATLANTICA, LLC

State of WASHINGTON
                                                        §     Signature
County of KING                                                Name: **ROGER SHADDUCK**
                                                              Title: Authorized Representative

On 07/17/2019 before me, **ANGELIQUE C MILLER**, Notary Public, personally appeared **ROGER SHADDUCK**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity(ies), and that by their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Angelique C Miller_

Notary Public: ANGELIQUE C MILLER

My Commission Expires: 04/25/2023

*(Notary seal: ANGELIQUE C MILLER, 153249, NOTARY PUBLIC, COMM. EXPIRES 04/25/23, STATE OF WASHINGTON)*

1

Cumberland County Clerk      BK 04182  PG 6479      07/17/2019 06:08 PM      4 of 4      ** End of Document **

Case 23-10214-ABA  Claim 33-1 Filed 03/21/23  Desc Main Document  Page 16 of 67
Exhibit - Filed Proof of Claim    Page 16 of 67

# EXHIBIT A

## LEGAL DESCRIPTION

The property consists of the land and all the buildings and structures on the land in the City of Millville, County of Cumberland and State of New Jersey. The legal description is:

Beginning at a concrete monument found in the Northwesterly line of Henderson Avenue (66 feet wide), said beginning point being in the division lines of Lots 32 and 33 on Plan hereinafter mentioned, said point being North 66 degrees 15 minutes 00 seconds East (erroneously stated as West in prior deed), a distance of 95.00 feet from the point of intersection of said Northwesterly line with the Northeasterly line of Mickle Street (66 feet wide); and running thence Along the line of Lot 33 North 23 degrees 45 minutes 00 seconds West a distance of 165.00 feet to a concrete monument found, being the common corner of Lots 32, 33, 50 and 51; thence Along the line of Lots 51 and 52, North 66 degrees 15 minutes 00 seconds East a distance of 94.00 feet to a concrete monument found, being the common corner of Lots 30, 31, 52 and 53: thence Along the line of Lot 30, South 23 degrees 45 minutes 00 seconds East a distance of 165.00 feet to a concrete monument found in the Northwesterly line of Henderson Avenue; thence

Along the said Northwesterly line, South 66 degrees 15 minutes 00 seconds West a distance of 94.00 feet to the point and place of beginning. Being Lot 7, Block 544, as shown, on the City of Millville Tax Map. For informational purposes only: Also known as Lot 7 in Block 544 on the City of Millville Tax Map.

Tax ID: ███

# TRADITIONAL MODIFICATION AGREEMENT

Borrower ("I"):[1]  **Jorge L Medina**
Lender or Servicer ("Servicer **LAND HOME FINANCIAL SERVICES, INC.**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): **05/18/2009**
Loan Number:
Property Address *[and Legal Description if recordation is necessary]* ("Property"): **404 HENDERSON AVE, MILLVILLE, NJ 08332**

If my representations and covenants in Section 1 continue to be true in all material respects, then this Traditional Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage.  The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents."  Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement.  This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

In Consideration of the mutual promises and agreements exchanges, a **$1,115.51** payment has been made which will be applied to the 'Deferred Balance', the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  **My Representations and Covenants**.  I certify, represent to Lender, covenant and agree:

    A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B.  One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
    C.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents.  A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
    D.  I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Traditional Modification Program ("Program"));
    E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
    F.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
    G.  I have made or will make all payments required under a trial period plan.

2.  **Acknowledgements and Preconditions to Modification**.  I understand and acknowledge that:

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I."  For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

A.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified, and this Agreement will terminate.  In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B.  I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred.  I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.   **The Modification**. If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **01/09/2020** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived.  I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **02/15/2020**.

A.  The Maturity Date will be: **01/15/2050**.

B.  The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$197,594.59** (the "New Principal Balance"). I understand that by agreeing to defer the Unpaid Amounts, the deferred Unpaid Amounts will not accrue interest and will not be due until either the loan matures, and/or the loan is paid off. The deferred balance of my Note will be **$1,115.51** (the "Deferred Balance").

C.  Interest at the rate of **6%** will begin to accrue on the New Principal Balance as of **01/15/2020** and the first new monthly payment on the New Principal Balance will be due on **02/15/2020**. Your new principal and interest payment on your modification will be **$1,184.68**. Your new payment for taxes only will be **$616.40**. The principal, interest, and taxes payment due on your loan modification will be **$1,801.08**.

D.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.  If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4.   **Additional Agreements**.  I agree to the following:

A.  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Servicer has waived this requirement in writing.

B.  That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Servicer.

DocuSign Envelope ID:

DocuSign Envelope ID:

C.  To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.  That this Agreement constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E.  That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F.  That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Servicer and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Servicer's prior written consent, Servicer may, at its option, require immediate payment in full of all sums secured by the Mortgage. Servicer shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Servicer exercises this option, Servicer shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Servicer may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H.  That, as of the Modification Effective Date, I understand that the Servicer will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I.  That the Servicer may contact me during any month's Grace Period (as provided for in the Loan Documents) by any method of communication that I have either provided to the Servicer or to the Servicer should I fail to make any payment required under a trial period plan or thereafter pursuant to this Modification

J.  That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

K.  That, I will cooperate fully with Servicer in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Servicer's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Servicer does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

L.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Servicer's option, this Agreement will be void and of no legal effect

upon notice of such error.  If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the servicers Modification Program.

M.  Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.   In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Servicer and Servicer's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Servicer including, but not limited to, releasing and canceling the mortgage loan.

N.  That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Servicer's request to execute, acknowledge, initial and deliver to the Servicer any documentation the Servicer deems necessary. If the Note is replaced, the Servicer hereby indemnifies me against any loss associated with a demand on the Note. All documents the Servicer requests of me under this Section 4.N. shall be referred to as "Documents."  I agree to deliver the Documents within ten (10) days after I receive the Servicer's written request for such replacement.

O.  That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

In Witness Whereof, the Lender and I have executed this Agreement.

*Guy Ramey*

Isanthes, LLC
by Land Home Financial Services, Inc.
as Attorney-in-Fact
By: *Guy Ramey*
Date: 1/13/2020

*Jorge L Medina*

Jorge L Medina
Date: 1/10/2020

# AMENDED AND RESTATED NOTE  FHA Case No.

**Multistate**

DocID#:

May 18, 2009

**404 HENDERSON AVENUE**
**MILLVILLE, NJ  08332**

**1. PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means BAC Home Loans Servicing, LP and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY; INTEREST**

In return for a loan received from Lender, Borrower promises to pay the principal sum of Two Hundred Sixteen Thousand Two Hundred Fifty Eight Dollars and Thirty  Cents (Dollars U.S. $216,258.30) plus interest, to the order of Lender.   Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of Four Point Eight Seven Five percent (4.875%) per year until the full amount of principal has been paid.

**3. PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument."   The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**

**(A)   Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on February 01, 2011.   Any principal and interest remaining on the first day of January 01, 2041, will be due on that date, which is called the "Maturity Date."

**(B)   Place**

Payment shall   be made at
155 North Lake Avenue   Pasadena, California   91109
or at such place a Lender may designate in writing by notice to Borrower.

**(C)   Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $1,144.46.   This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D)   Allonge to this Note for payment adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.   [Check applicable box]

Graduated Payment Allonge          Growing Equity Allonge          Other [specify]

**5. BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month.   Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary.   If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payments unless Lender agrees in writing to those changes.

FHA Multistate Fixed Rate Note - 10/95
Initials: JLM



**BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.**

4

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four percent ( 4% ) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this options without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the right of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address. Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, borrower accepts and agrees to the terms and covenants contained in this Note.

_JORGE L MEDINA_

PAY TO THE ORDER OF
**BANK OF AMERICA, N.A.**
WITHOUT RECOURSE
BAC HOME LOANS SERVICING, LP
BY RECONTRUST COMPANY, N.A.
AS ATTORNEY-IN-FACT

BY: _Patricia Liddell_
PATRICIA LIDDELL
ASSISTANT VICE PRESIDENT

PAY TO THE ORDER OF
Secretary of Housing and Urban Development of
Washington D.C., and his/her successors and assigns
WITHOUT RECOURSE
BANK OF AMERICA, N.A.
BY RECONTRUST COMPANY, N.A.
AS ATTORNEY-IN-FACT

BY: _____
NOAH WALLACE
ASSISTANT SECRETARY

| Multistate | NOTE | FHA Case No. ██████ |
|---|---|---|
| **MERS Phone: 1-888-679-6377** | | **LOAN NO.:** ██████ |

**MAY 18, 2009**
[Date]

**404 HENDERSON AVENUE, MILLVILLE, NJ  08332**
[Property Address]

## 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **MLD MORTGAGE, INC.**

and its successors and assigns.
## 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of

**TWO HUNDRED ONE THOUSAND FOUR HUNDRED EIGHT AND NO/100 X X X X X X X X X X X X X X X X**

Dollars (U.S. $       201,408.00        ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of   **FIVE AND 000/1000THS** percent (       5.000       %) per year until the full amount of principal has been paid.
## 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.
## 4. MANNER OF PAYMENT
    (A) **Time**
        Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **JULY, 2009**                 . Any principal and interest remaining on the first day of        **JUNE, 2039** , will be due on that date, which is called the "Maturity Date."
    (B) **Place**
        Payment shall be made at  **MLD MORTGAGE, INC. ATTN: LOAN PAYMENT CENTER**
**30-B VREELAND ROAD, FLORHAM PARK, NJ  07932**                            or at such place as Lender may designate in writing by notice to Borrower.
    (C) **Amount**
        Each monthly payment of principal and interest will be in the amount of U.S. $       1,081.20       . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
    (D) **Allonge to this Note for payment adjustments**
        If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

        ☐ Graduated Payment Allonge   ☐ Growing Equity Allonge   ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

Initials: **JLM**

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of **15** calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR** percent ( **4.000** %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)          _____ (Seal)
JORGE L. MEDINA                    -Borrower                                        -Borrower

PAY TO THE ORDER OF:
Bank of America, N.A.
_____ (Seal)          _____ (Seal)
                                   -Borrower                                        -Borrower
W I T H O U T   R E C O U R S E
MLD MORTGAGE, INC.
A NEW JERSEY CORPORATION
_____ (Seal)          _____ (Seal)
BY: PHILIP MANCUSO, EXEC. VICE PRESIDENT -Borrower                                  -Borrower

_____ (Seal)          _____ (Seal)
                                   -Borrower                                        -Borrower

---

FHA Multistate Fixed Rate Note                                                          10/95

VMP-1R (0809).00                        Page 2 of 2

Recording Requested By:
ORION FINANCIAL GROUP, INC.

When Recorded Mail To:
ORION FINANCIAL GROUP, INC.
2860 EXCHANGE BLVD
STE 100
SOUTHLAKE, TX, 76092

Loan #: █████
TS Ref #: █████
Client Ref #: █████

3/7/19

## CORPORATE ASSIGNMENT OF MORTGAGE

NJ/CUMBERLAND

Assignment Prepared on: January 09, 2019

**Assignor: BAYVIEW DISPOSITIONS IIIA, LLC**, at 4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL, 33146

**Assignee : ATLANTICA, LLC**, at 2003 WESTERN AVE., SUITE 340, SEATTLE, WA, 98121

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Mortgage Dated: 5/18/2009, in the amount of $201,408.00, executed by JORGE L MEDINA to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MLD MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS. Recorded: 5/29/2009, Instrument #: 342980, Book: 4058, Page: 2074 in CUMBERLAND County, State of New Jersey.

The property is located in the City of MILLVILLE.
Property Address: 404 HENDERSON AVENUE, MILLVILLE, NJ, 08332

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

BAYVIEW DISPOSITIONS IIIA, LLC

On: **JAN 2 3 2019**

By:

Name: ESLOAN SOTOLONGO
Title:  ASSISTANT VICE PRESIDENT

Orion Financial Group Inc.



MEDINA, JORGE                    19009711

OPHRYS/AOM/BAYVIEW 2018-23/OPD/EREC

ATLANTICA, LLC

State of FLORIDA
County of MIAMI-DADE

On **JAN 2 3 2019**_____, before me, Rogelio A. Portal, a Notary Public in and for MIAMI-DADE in the State of FLORIDA, personally appeared ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT, BAYVIEW DISPOSITIONS IIIA, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal,

_____

Rogelio A. Portal
Notary Expires: 8/25/2020 / #: FF 993630

ROGELIO A. PORTAL
MY COMMISSION # FF 993630
EXPIRES: August 25, 2020
Bonded Thru Notary Public Underwriters

NJ/CUMBERLAND

| **RECORDING INFORMATION SHEET** | **CUMBERLAND COUNTY CLERK'S OFFICE**<br>**60 WEST BROAD STREET**<br>**BRIDGETON NJ 08302** |
|---|---|

| INSTRUMENT NUMBER: | DOCUMENT TYPE: |
|---|---|
| ▉ | **ASSIGNMENT OF MORTGAGE** |

**Official Use Only**

**Return Address** *(for recorded documents)*

ORION FINANCIAL GROUP, INC.
2860 EXCHANGE BLVD., SUITE 100
SOUTHLAKE TX 76092

CELESTE RILEY, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
▉
RECORDED ON
03/07/2019 12:49:32 PM
BOOK: 04177 PAGE: 6399
EL

Consideration:

| | | |
|---|---|---|
| **No. of Pages** *(excluding Summary Sheet)* | | 2 |
| **Recording Fee** *(excluding Transfer Tax)* | | $50.00 |
| **Realty Transfer Tax** | | $0.00 |
| **Amount Charged** | | $50.00 |
| **Parcel Information** | Block:<br>Lot:<br>Municipality: | |
| **First Party Name** | BAYVIEW DISPOSITIONS IIIA LLC | |
| **Second Party Name** | ATLANTICA LLC | |

MAIL COPY _____
NO COPY _____
ENVELOPE _____

ADDITIONAL STAMPINGS _____

**Additional Information (Official Use Only)**

****************** *DO NOT REMOVE THIS PAGE.* ******************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
****************** *RETAIN THIS PAGE FOR FUTURE REFERENCE* ******************

NOTE: If the document data differs from this cover sheet, the document data always supersedes the cover page.
COVER PAGE DOES NOT INCLUDE ALL DATA. PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

| **Cumberland County Recording Data Page**<br>**Honorable Celeste M. Riley**<br>**Cumberland County Clerk** | *Official Use Only - Barcode* |
|---|---|
| *Official Use Only - Record & Return*<br><br>Orion Financial Group, Inc.<br>2860 Exchange Blvd., Suite 100<br>Southlake, TX 76092 | *Official Use Only - Realty Transfer Fee* |
| Date of Document:<br><br>2019-03-07 | Type of Document:<br><br>ASSIGNMENT OF MORTGAGE |
| First Party Name:<br><br>BAYVIEW DISPOSITIONS IIIA LLC | Second Party Name:<br><br>ATLANTICA, LLC |
| Additional Parties: | |

| **THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY** | |
|---|---|
| Block: | Lot: |
| Municipality<br><br>MILLVILLE | |
| Consideration: | |
| Mailing Address of Grantee: | |

| **THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOKING & PAGING INFORMATION FOR**<br>**ASSIGNMENTS, RELEASES, SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY** | |
|---|---|
| Original Instrument:<br><br>342980 | |
| Original Book:<br><br>4058 | Original Page:<br><br>2074 |

| **CUMBERLAND COUNTY RECORDING DATA PAGE**<br>Please do not detach this page from the original document as it<br>contains important recording information and is part of the permanent record. |
|---|

Case 23-21218-ABA Claim 33-1 Filed 03/27/23 Desc Main Document Page 28 of 67
Cumberland County Clerk     BK 64177 PG 2601     03/07/2019 12:49 PM     3 of 3     End of Document
Exhibit - Filed Proof of Claim     Page 28 of 67

**Recording Requested By:**
ORION FINANCIAL GROUP, INC.

**When Recorded Mail To:**
ORION FINANCIAL GROUP, INC.
2860 EXCHANGE BLVD
STE 100
SOUTHLAKE, TX, 76092

Loan #: ▆▆
TS Ref #: ▆▆
Client Ref #: ▆▆

## CORPORATE ASSIGNMENT OF MORTGAGE

NJ/CUMBERLAND

Assignment Prepared on: January 09, 2019

**Assignor: BAYVIEW DISPOSITIONS IIIA, LLC,** at 4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL, 33146

**Assignee : ATLANTICA, LLC,** at 2003 WESTERN AVE., SUITE 340, SEATTLE, WA, 98121

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Mortgage Dated: 5/18/2009, in the amount of $201,408.00, executed by JORGE L MEDINA to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MLD MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS. Recorded: 5/29/2009, Instrument #: 342980, Book: 4058, Page: 2074 in CUMBERLAND County, State of New Jersey.

The property is located in the City of MILLVILLE.
Property Address: 404 HENDERSON AVENUE, MILLVILLE, NJ, 08332

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

BAYVIEW DISPOSITIONS IIIA, LLC

On: _____ JAN 2 3 2019 _____

By: _____
Name: ESLOAN SOTOLONGO
Title:   ASSISTANT VICE PRESIDENT

Orion Financial Group Inc.

MEDINA, JORGE            19009711
OPHRYS/AOM/BAYVIEW 2018-23/OPD/EREC
ATLANTICA, LLC

State of FLORIDA
County of MIAMI-DADE

On _____ JAN 2 3 2019 _____, before me, Rogelio A. Portal, a Notary Public in and for MIAMI-DADE in the State of FLORIDA, personally appeared ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT, BAYVIEW DISPOSITIONS IIIA, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal,

_____
Rogelio A. Portal
Notary Expires: 8/25/2020 / #: FF 993630

ROGELIO A. PORTAL
MY COMMISSION # FF 993630
EXPIRES: August 25, 2020
Bonded Thru Notary Public Underwriters

**NJ/CUMBERLAND**

**Recording Requested By:**
ORION FINANCIAL GROUP, INC.

**When Recorded Mail To:**
ORION FINANCIAL GROUP, INC.
2860 EXCHANGE BLVD
STE 100
SOUTHLAKE, TX, 76092



3/1/2019

Loan #: ▮
TS Ref #: ▮
Client Ref #: ▮



## CORPORATE ASSIGNMENT OF MORTGAGE

NJ/CUMBERLAND

Assignment Prepared on: January 09, 2019

**Assignor: BAYVIEW LOAN SERVICING, LLC**, at 4425 PONCE DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FL, 33146

**Assignee : BAYVIEW DISPOSITIONS IIIA, LLC**, at 4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL, 33146

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Mortgage Dated: 5/18/2009, in the amount of $201,408.00, executed by JORGE L MEDINA to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MLD MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS.   Recorded: 5/29/2009, Instrument #: 342980, Book: 4058, Page: 2074 in CUMBERLAND County, State of New Jersey.

The property is located in the City of MILLVILLE.
Property Address: 404 HENDERSON AVENUE, MILLVILLE, NJ, 08332

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

BAYVIEW LOAN SERVICING, LLC

On: JAN 2 3 2019

By:

Name: ESLOAN SOTOLONGO
Title:   ASSISTANT VICE PRESIDENT

Orion Financial Group Inc.

MEDINA, JORGE                          19009710
OPHRYS/AOM/BAYVIEW 2018-23/OPD/EREC
BAYVIEW DISPOSITIONS IIIA, LLC

State of FLORIDA
County of MIAMI-DADE

On   JAN 2 3 2019   , before me, Rogelio A. Portal, a Notary Public in and for MIAMI-DADE in the State of FLORIDA, personally appeared ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT, BAYVIEW LOAN SERVICING, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal,

Rogelio A. Portal
Notary Expires: 8/25/2020 / #: FF 993630

ROGELIO A. PORTAL
MY COMMISSION # FF 993630
EXPIRES: August 25, 2020
Bonded Thru Notary Public Underwriters

NJ/CUMBERLAND

## RECORDING INFORMATION SHEET

**CUMBERLAND COUNTY CLERK'S OFFICE**
**60 WEST BROAD STREET**
**BRIDGETON NJ 08302**

| INSTRUMENT NUMBER: | DOCUMENT TYPE: |
|---|---|
| ▮ | **ASSIGNMENT OF MORTGAGE** |
| **Official Use Only** | **Return Address** *(for recorded documents)* |

ORION FINANCIAL GROUP, INC.
2860 EXCHANGE BLVD., SUITE 100
SOUTHLAKE TX 76092

CELESTE RILEY, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
▮
RECORDED ON
03/07/2019 12:49:31 PM
BOOK: 04177 PAGE: 6396
EL

Consideration:

| | |
|---|---|
| **No. of Pages** *(excluding Summary Sheet)* | 2 |
| **Recording Fee** *(excluding Transfer Tax)* | $50.00 |
| **Realty Transfer Tax** | $0.00 |
| **Amount Charged** | $50.00 |
| **Parcel Information** | Block:<br>Lot:<br>Municipality: |
| **First Party Name** | BAYVIEW LOAN SERVICING LLC |
| **Second Party Name** | BAYVIEW DISPOSITIONS IIIA LLC |

MAIL COPY _____
NO COPY _____
ENVELOPE _____

ADDITIONAL STAMPINGS _____

**Additional Information (Official Use Only)**

************************ *DO NOT REMOVE THIS PAGE.* ************************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
*************** RETAIN THIS PAGE FOR FUTURE REFERENCE ****************

NOTE: If the document data differs from this cover sheet, the document data always supersedes the cover page.
COVER PAGE DOES NOT INCLUDE ALL DATA. PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

| Cumberland County Recording Data Page<br>Honorable Celeste M. Riley<br>Cumberland County Clerk | Official Use Only - Barcode |
|---|---|
| Official Use Only - Record & Return<br><br>Orion Financial Group, Inc.<br>2860 Exchange Blvd., Suite 100<br>Southlake, TX 76092 | Official Use Only - Realty Transfer Fee |
| Date of Document:<br><br>2019-03-07 | Type of Document:<br><br>ASSIGNMENT OF MORTGAGE |
| First Party Name:<br><br>BAYVIEW LOAN SERVICING LLC | Second Party Name:<br><br>BAYVIEW DISPOSITIONS IIIA LLC |
| Additional Parties: | |

### THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY

| Block: | Lot: |
|---|---|
| Municipality<br><br>MILLVILLE | |
| Consideration: | |
| Mailing Address of Grantee: | |

### THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOKING & PAGING INFORMATION FOR ASSIGNMENTS, RELEASES, SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY

| Original Instrument: | |
|---|---|
| Original Book: | Original Page: |

### CUMBERLAND COUNTY RECORDING DATA PAGE
Please do not detach this page from the original document as it
contains important recording information and is part of the permanent record.

**Recording Requested By:**
ORION FINANCIAL GROUP, INC.

**When Recorded Mail To:**
ORION FINANCIAL GROUP, INC.
2860 EXCHANGE BLVD
STE 100
SOUTHLAKE, TX, 76092

Loan #:
TS Ref #:
Client Ref #:

## CORPORATE ASSIGNMENT OF MORTGAGE

NJ/CUMBERLAND

Assignment Prepared on: January 09, 2019

**Assignor: BAYVIEW LOAN SERVICING, LLC,** at 4425 PONCE DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FL, 33146

**Assignee : BAYVIEW DISPOSITIONS IIIA, LLC,** at 4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL, 33146

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Mortgage Dated: 5/18/2009, in the amount of $201,408.00, executed by JORGE L MEDINA to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MLD MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS. Recorded: 5/29/2009, Instrument #: 342980, Book: 4058, Page: 2074 in CUMBERLAND County, State of New Jersey.

The property is located in the City of MILLVILLE.
Property Address: 404 HENDERSON AVENUE, MILLVILLE, NJ, 08332

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

BAYVIEW LOAN SERVICING, LLC

On: JAN 2 3 2019

By:

Name: ESLOAN SOTOLONGO
Title:  ASSISTANT VICE PRESIDENT

Orion Financial Group Inc.

 

MEDINA, JORGE                    19009710

OPHRYS/AOM/BAYVIEW 2018-23/OPD/EREC
BAYVIEW DISPOSITIONS IIIA, LLC

State of FLORIDA
County of MIAMI-DADE

On  JAN 2 3 2019  , before me, Rogelio A. Portal, a Notary Public in and for MIAMI-DADE in the State of FLORIDA, personally appeared ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT, BAYVIEW LOAN SERVICING, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal,

Rogelio A. Portal
Notary Expires: 8/25/2020 / #: FF 993630

ROGELIO A. PORTAL
MY COMMISSION # FF 993630
EXPIRES: August 25, 2020
Bonded Thru Notary Public Underwriters

**NJ/CUMBERLAND**

# RECORDING INFORMATION SHEET

**CUMBERLAND COUNTY CLERK'S OFFICE**
**60 WEST BROAD STREET**
**BRIDGETON NJ 08302**

| INSTRUMENT NUMBER: | DOCUMENT TYPE : |
| --- | --- |
| ▮▮▮ | **ASSIGN MTG** |

**Official Use Only**

GLORIA NOTO, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER

RECORDED ON
August 16, 2010  01:48 pm
BOOK:4073  PAGE:6145

KT

**Return Address** *(for recorded documents)*
STERN LAVINTHAL FRANKENBERG
& NORGAARD LLC
PO BOX 490
ROSELAND NJ 07068-9802

| | |
| --- | --- |
| **No. Of Pages** *(excluding Summary Sheet)* | 2 |
| **Recording Fee** *(excluding Transfer Tax)* | $50.00 |
| **Realty Transfer Tax** | $0.00 |
| **Amount Charged**    (Check # 106316) | $50.00 |

| Parcel Information | **Block** |
| --- | --- |
| | **Lot** |
| **First Party Name** | MERS |
| **Second Party Name** | BAC HOME LOANS SERVICING |

**Additional Information (Official Use Only)**

MAIL COPY  _____
NO COPY  _____
ENVELOPE  ✓

ADDITIONAL STAMPINGS  _____

***************************** *DO  NOT REMOVE  THIS  PAGE.* ********************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
****************** *RETAIN THIS PAGE FOR FUTURE REFERENCE.* ******************

### ASSIGNMENT OF MORTGAGE

#### KNOW ALL MEN BY THESE PRESENTS

THAT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MLD MORTGAGE, INC., *RESIDING OR LOCATED AT* P. O. BOX 2026, FLINT, MICHIGAN 48501-2026   , party of the first part, in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration, lawful money of the United States of America, to it in hand paid by **BAC HOME LOANS SERVICING, L.P. F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P.** *RESIDING OR LOCATED AT* **7105 Corporate Drive, Stop PTX-C-35, Plano, TX, 75024,** *party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, assigned, transferred and set over and by these presents does grant, bargain, sell, assign, transfer, and set over unto the said party of the second part, its successors or assigns, a certain Indenture(s) of mortgage, bearing date the 18th day of May, 2009,* made by **JORGE L. MEDINA** ON LANDS LOCATED IN *the in the County of Cumberland and State of New Jersey, to secure the sum of* **TWO HUNDRED ONE THOUSAND FOUR HUNDRED EIGHT AND 00/100 DOLLARS ($201,408.00),** which mortgage is recorded on May 29, 2009 in the Office of the Clerk/Register of Cumberland County, State of New Jersey, in **Book 4058** of mortgages at **Page 2074. #342980**

  **TO HAVE AND TO HOLD** *the same unto the said party of the second part, its successors or assigns forever, subject only to the proviso in the said Indenture of mortgage mentioned*: **AND** *it does hereby make, constitute, and appoint the said party of the second part its true and lawful attorney, irrevocable, in its name, or otherwise, but at its proper costs and charges, to discharge the same as fully as it might or could do if these presents were not made.*

  **IN WITNESS WHEREOF,** *the said party of the first part has hereunto set his hand and seal or caused these presents to be signed by its proper corporate officers and its corporate seal to be hereto affixed this day* 08/01/2010.

  *THE WITHIN ASSIGNMENT IS MADE WITHOUT RECOURSE OR WARRANTY OF ANY KIND, EXPRESS OR IMPLIED.*

*SIGNED, SEALED AND DELIVERED*

*IN THE PRESENCE OF
OR ATTESTED BY*

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
AS NOMINEE FOR MLD MORTGAGE, INC.**

Kathy Repka - Assistant Secretary
Attesting Secretary

Sandra Williams   Vice President



**State of** TEXAS , **County of** Dallas SS.:

    **Be it Remembered,** that on 08/01/2010, before me, the subscriber, personally appeared Sandra Williams who, being by me duly sworn on his/her oath, deposes and makes proof to my satisfaction, that Kathy Repka is the Attesting Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MLD MORTGAGE, INC., the Corporation named in the within Instrument; that Sandra Williams is the _____ Vice President of said Corporation; that the execution, as well as the making of this Instrument, has been duly authorized by a proper resolution of the Board of Directors of the said Corporation; that deponent well knows the corporate seal of said Corporation; and that the seal affixed to said Instrument is the proper corporate seal and was thereto affixed and said Instrument signed and delivered by said _____ Vice President as and for the voluntary act and deed of said Corporation, in presence of deponent, who thereupon subscribed his/her name thereto as attesting witness,

**Kathy Repka - Assistant Secretary**

Attesting Secretary

Sworn to and subscribed before me,
On the date aforesaid,

(Notary)

SPECIAL J. BELL
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-23-14

---

### ASSIGNMENT OF MORTGAGE

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MLD MORTGAGE, INC.**

**TO**

**BAC HOME LOANS SERVICING, L.P. F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P.**

---

**Record and Return to:**
STERN, LAVINTHAL, FRANKENBERG & NORGAARD, LLC
105 Eisenhower Parkway - Suite 302
Roseland, New Jersey 07068

This space for Recorder's use



DocID#

Property Address:
**404 Henderson Avenue**
**Millville, NJ 08332-3938**
Property Location:
**City of MILLVILLE**
NJ0v2-AM 28747941   2/6/2014  HBY0128

Recording Requested By:
**Bank of America, N.A.**
Prepared By:
**Julia Cortez**
**800-444-4302**
**101 S. Marengo Ave.**
**Pasadena, CA 91101**

When recorded mail to:
**Bayview Asset Management,**
**LLC**
**Attn: Ramona Careaga**
**4425 Ponce De Leon Blvd., 5th**
**Floor**
**Coral Gables, FL 33146**

G884064 A

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT** whose address is **451 7TH STREET, S.W., WASHINGTON, D.C. 20410** all beneficial interest under that certain Mortgage described below together with the note (s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Beneficiary:          **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR MLD MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS**
Borrower(s):          **JORGE L. MEDINA**
Date of Mortgage:     **5/18/2009**
Original Loan Amount: **$201,408.00**

Recorded in **Cumberland County, NJ** on: **5/29/2009**, book **4058**, page **2074** and instrument number **342980**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
**FEB 13 2014**

**BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO**
**BAC HOME LOANS SERVICING, LP, FKA**
**COUNTRYWIDE HOME LOANS SERVICING LP**

By: _____

Yong Ly
Assistant Vice President

State of **California**
County of **Los Angeles**

On **FEB 13 2014** _____ before me, _____ **Takayuki E. Uto** _____, Notary Public, personally appeared _____ **Yong Ly** _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: _____ **Takayuki E. Uto** _____     (Seal)
My Commission Expires: _____ **05/24/2017** _____

TAKAYUKI E. UTO
Commission # 2026020
Notary Public - California
Los Angeles County
My Comm. Expires May 24, 2017

# RECORDING INFORMATION SHEET

**CUMBERLAND COUNTY CLERK'S OFFICE**
60 WEST BROAD STREET
BRIDGETON NJ 08302

| INSTRUMENT NUMBER: | DOCUMENT TYPE : |
|---|---|
| | **ASSIGN MTG** |

**Official Use Only**

GLORIA NOTO, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER

RECORDED ON
May 12, 2014  10:03 am
BOOK:4117 PAGE:625

KE

**Return Address** *(for recorded documents)*

SIMPLIFILE
4484 NORTH 300 WEST
PROVO UT 84604

| | |
|---|---|
| No. Of Pages *(excluding Summary Sheet)* | 1 |
| Recording Fee *(excluding Transfer Tax)* | $40.00 |
| Realty Transfer Tax | $0.00 |
| Amount Charged          (ACH) | $40.00 |

| Parcel Information | Block | 151 |
|---|---|---|
| | Lot | 779 |
| First Party Name | BANK OF AMERICA | |
| Second Party Name | HOUSING & URBAN DEVELOPMENT  SEC OF | |

MAIL COPY  _____
NO COPY  _____
ENVELOPE  _____

**Additional Information (Official Use Only)**

ADDITIONAL STAMPINGS

*************************** *DO  NOT REMOVE  THIS PAGE.* ****************************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
****************** *RETAIN THIS PAGE FOR FUTURE REFERENCE.* ********************

Inst#460855 Page 2 of 4



## Cumberland County Document Summary Sheet

| Transaction Identification Number | 2201166 | 1427991 |
|---|---|---|

CUMBERLAND CLERK

60 W. BROAD ST
BRIDGETON NJ 08302

**Return Address** *(for recorded documents)*
SIMPLIFILE
4484 NORTH 300 WEST
PROVO, UT 84604

**Official Use Only**

| | |
|---|---|
| Submission Date *(mm/dd/yyyy)* | 05/08/2014 |
| No. of Pages *(excluding Summary Sheet)* | 1 |
| Recording Fee *(excluding transfer tax)* | $40.00 |
| Realty Transfer Tax | $0.00 |
| Total Amount | $40.00 |
| Document Type | ASSIGNMENT OF MORTGAGE |

**Electronic Recordation Level**
L2 - Level 2 (With Images)

**Municipal Codes**
MILLVILLE            02

**Bar Code(s)**



0 21861

**Additional Information (Official Use Only)**

*• DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CUMBERLAND COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

6922660_582014135737/2201166 1427991                                    Page 1 of 2

Inst#460855 Page 3 of 4

## Cumberland County Document Summary Sheet

| Type | ASSIGNMENT OF MORTGAGE | | | | |
|---|---|---|---|---|---|
| Consideration | | | | | |
| Submitted By | SIMPLIFILE (AFFILIATED COMPUTER SERVICES/ERX) | | | | |
| Document Date | 02/13/2014 | | | | |
| Reference Info | | | | | |

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| | | | 342980 | |

**ASSIGNMENT OF MORTGAGE**

| MORTGAGOR | Name | Address |
|---|---|---|
| | BANK OF AMERICA NA SUCCESSOR BY MERGER TO BAC HOM | |

| ASSIGNEE | Name | Address |
|---|---|---|
| | THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT | |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| | | | | | |

*DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CUMBERLAND COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

6922660_582014135737/2201166 1427991                                  Page 2 of 2

This space for Recorder's use

| | Recording Requested By: | When recorded mail to: |
|---|---|---|
| | Bank of America, N.A. | Bayview Asset Management, LLC |
| DocID# ▮▮▮▮▮▮▮▮ | Prepared By: Julia Cortez 800-444-4302 101 S. Marengo Ave. Pasadena, CA 91101 | Attn: Ramona Careaga 4425 Ponce De Leon Blvd., 5th Floor Coral Gables, FL 33146 |

Property Address:
**404 Henderson Avenue**
**Millville, NJ 08332-3938**
Property Location:
**City of MILLVILLE**
NJ0v2-AM 28747941  2/6/2014  HBY0128



## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT** whose address is **451 7TH STREET, S.W., WASHINGTON, D.C. 20410** all beneficial interest under that certain Mortgage described below together with the note (s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Beneficiary:            **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR MLD MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS**

Borrower(s):            **JORGE L. MEDINA**

Date of Mortgage:     **5/18/2009**

Original Loan Amount:   **$201,408.00**

Recorded in **Cumberland County, NJ** on: **5/29/2009**, book 4058, page 2074 and instrument number 342980

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
**FEB 13 2014**

                         **BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP**

                By: _____
                         Yong Ly  ,
                       Assistant Vice President

State of California
County of Los Angeles

On **FEB 13 2014** before me, _____**Takayuki E. Uto**_____, Notary Public, personally appeared _____**Yong Ly**_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: _____**Takayuki E. Uto**_____    (Seal)
My Commission Expires: ____**05/24/2017**____

                                 **TAKAYUKI E. UTO**
                               Commission # 2026020
                               Notary Public - California
                               Los Angeles County
                               My Comm. Expires May 24, 2017

This space for Recorder's use



DocID#

Property Address:
**404 Henderson Avenue**
**Millville, NJ 08332-3938**
Property Location:
**City of MILLVILLE**
NJ0v2-AM 28925167  2/21/2014  HBY0128B

Recording Requested By:
**Bank of America, N.A.**
Prepared By:
**Julia Cortez**
**800-444-4302**
**101 S. Marengo Ave.**
**Pasadena, CA 91101**

When recorded mail to:
**Bayview Asset Management, LLC**
**Attn: Ramona Careaga**
**4425 Ponce De Leon Blvd., 5th Floor**
**Coral Gables, FL 33146**

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **451 7TH STREET, S.W., WASHINGTON, D.C. 20410** does hereby grant, sell, assign, transfer and convey unto **BAYVIEW LOAN SERVICING, LLC** whose address is **4425 PONCE DE LEON BOULEVARD, 5TH FLOOR, CORAL GABLES, FL 33146** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Beneficiary: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR MLD MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS**
Borrower(s): **JORGE L. MEDINA**
Date of Mortgage: **5/18/2009**
Original Loan Amount: **$201,408.00**

Recorded in **Cumberland County, NJ** on: **5/29/2009**, book **4058**, page **2074** and instrument number **342980**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
3/10/14

THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY BAYVIEW LOAN SERVICING, LLC, ITS ATTORNEY IN FACT.



By: _____
Robert G. Hall                    ,
Vice President

State of **FLORIDA**
County of **MIAMI-DADE**

On **3/10/14** before me, **Rogelio A. Portal**, a Notary Public, personally appeared **Robert Hall**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public: **Rogelio A. Portal**          (Seal)
My Commission Expires:

ROGELIO A. PORTAL
Notary Public -. State of Florida
My Comm. Expires Aug 25, 2016
Commission # EE 197169

# RECORDING INFORMATION SHEET

**CUMBERLAND COUNTY CLERK'S OFFICE**
**60 WEST BROAD STREET**
**BRIDGETON NJ 08302**

| INSTRUMENT NUMBER: | DOCUMENT TYPE : |
|---|---|
| ▊ | **ASSIGN MTG**  988464B |

**Official Use Only**

GLORIA NOTO, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER

RECORDED ON
May 22, 2014   10:48 am
BOOK:4117  PAGE:4170

BDF

**Return Address** *(for recorded documents)*

SIMPLIFILE
4484 NORTH 300 WEST
PROVO UT 84604

| | |
|---|---|
| **No. Of Pages** *(excluding Summary Sheet)* | 1 |
| **Recording Fee** *(excluding Transfer Tax)* | $40.00 |
| **Realty Transfer Tax** | $0.00 |
| **Amount Charged**          **(ACH)** | $40.00 |

| Parcel Information | Block | 2301 |
|---|---|---|
| | Lot | 17 |
| **First Party Name** | HOUSING & URBAN DEVELOPMENT | |
| **Second Party Name** | BAYVIEW LOAN SERVICING LLC | |

MAIL COPY  _____
NO COPY  _____
ENVELOPE  _____

ADDITIONAL STAMPINGS

**Additional Information (Official Use Only)**

||||||| ||| || ||| || ||||| | ||||

*************************** *DO NOT REMOVE THIS PAGE.***************************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
*************** *RETAIN THIS PAGE FOR FUTURE REFERENCE.****************



## Cumberland County Document Summary Sheet

| | |
|---|---|
| CUMBERLAND CLERK | **Transaction Identification Number** 2207706   1435174 |

**Transaction Identification Number**   2207706   1435174

CUMBERLAND CLERK

60 W. BROAD ST

BRIDGETON NJ 08302

**Return Address** *(for recorded documents)*

SIMPLIFILE

4484 NORTH 300 WEST

PROVO, UT 84604

**Official Use Only**

| | |
|---|---|
| **Submission Date** *(mm/dd/yyyy)* | 05/21/2014 |
| **No. of Pages** *(excluding Summary Sheet)* | 1 |
| **Recording Fee** *(excluding transfer tax)* | $40.00 |
| **Realty Transfer Tax** | $0.00 |
| **Total Amount** | $40.00 |

| **Document Type** | ASSIGNMENT OF MORTGAGE |
|---|---|

**Electronic Recordation Level**

L2 - Level 2 (With Images)

**Municipal Codes**

MILLVILLE                                        02

**Bar Code(s)**

021998

**Additional Information (Official Use Only)**

***\* DO NOT REMOVE THIS PAGE.***
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CUMBERLAND COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*



## Cumberland County Document Summary Sheet

| | | |
|---|---|---|
| **Type** | ASSIGNMENT OF MORTGAGE | |
| **Consideration** | | |
| **Submitted By** | SIMPLIFILE (AFFILIATED COMPUTER SERVICES/ERX) | |
| **Document Date** | 03/10/2014 | |

**Reference Info**

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| | | | 342980 | |

**ASSIGNMENT OF MORTGAGE**

| MORTGAGOR | Name | Address |
|---|---|---|
| | THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT | |

| ASSIGNEE | Name | Address |
|---|---|---|
| | BAYVIEW LOAN SERVICING LLC | |

**Parcel Info**

| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
|---|---|---|---|---|---|
| | | | | | |

*\* DO NOT REMOVE THIS PAGE.*
**COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CUMBERLAND COUNTY FILING RECORD.**
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

This space for Recorder's use



DocID#

Property Address:
**404 Henderson Avenue**
**Millville, NJ 08332-3938**
Property Location:
**City of MILLVILLE**
NJ0v2-AM 28925167    2/21/2014  HBY0128B

Recording Requested By:
Bank of America, N.A.
Prepared By:
**Julia Cortez**
**800-444-4302**
**101 S. Marengo Ave.**
**Pasadena, CA 91101**

When recorded mail to:
Bayview Asset Management,
LLC
Attn: Ramona Careaga
4425 Ponce De Leon Blvd., 5th
Floor
Coral Gables, FL 33146

*988464 B*

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 451 7TH STREET, S.W., WASHINGTON, D.C. 20410 does hereby grant, sell, assign, transfer and convey unto **BAYVIEW LOAN SERVICING, LLC** whose address is **4425 PONCE DE LEON BOULEVARD, 5TH FLOOR, CORAL GABLES, FL 33146** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Beneficiary:          **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE**
                      **FOR MLD MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS**
Borrower(s):          **JORGE L. MEDINA**
Date of Mortgage:     5/18/2009
Original Loan Amount: **$201,408.00**

Recorded in Cumberland County, NJ on: 5/29/2009, book 4058, page 2074 and instrument number 342980

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
*3/10/14*

                                                    THE SECRETARY OF HOUSING AND URBAN
                                                    DEVELOPMENT BY BAYVIEW LOAN SERVICING, LLC,
                                                    ITS ATTORNEY IN FACT.

                                                    By: _____
                                                              Robert G. Hall
                                                              Vice President

State of **FLORIDA**
County of **MIAMI-DADE**

On **3/10/14** before me, _____**Rogelio A. Portal**_____, a Notary Public, personally appeared **Robert Hall**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public: _____**Rogelio A. Portal**_____    (Seal)
My Commission Expires:

```
ROGELIO A. PORTAL
Notary Public - State of Florida
My Comm. Expires Aug 25, 2016
Commission # EE 197169
```

*Power of Attorney recorded in Miami-Dade county, Florida as CFN:2014R0235684, Book 29092, Page 0708

| INSTRUMENT NUMBER: | DOCUMENT TYPE: |
|---|---|
| ▮ | **ASSIGNMENT OF MORTGAGE** |

**Official Use Only**

**Return Address** *(for recorded documents)*

WEINSTEIN & RILEY, P.S.
2001 WESTERN AVE, SUITE 400
SEATTLE  WA 98121

CELESTE RILEY, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
▮
RECORDED ON
07/17/2019 06:08:32 PM
BOOK: 04182  PAGE: 6476
RJ

Consideration:

| | |
|---|---|
| **No. of Pages** *(excluding Summary Sheet)* | 3 |
| **Recording Fee** *(excluding Transfer Tax)* | $60.00 |
| **Realty Transfer Tax** | $0.00 |
| **Amount Charged** | $60.00 |

| | |
|---|---|
| **Parcel Information** | Block:<br>Lot:<br>Municipality: |
| **First Party Name** | ATLANTICA LLC |
| **Second Party Name** | ISANTHES LLC |

MAIL COPY _____
NO COPY _____
ENVELOPE _____

ADDITIONAL STAMPINGS _____

**Additional Information (Official Use Only)**

▮

*************************** ***DO NOT REMOVE THIS PAGE.*** ***************************
***COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD***
**************** ***RETAIN THIS PAGE FOR FUTURE REFERENCE*** ****************

NOTE: If the document data differs from this cover sheet, the document data always supersedes the cover page.
COVER PAGE DOES NOT INCLUDE ALL DATA. PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

| Cumberland County Recording Data Page<br>**Honorable Celeste M. Riley**<br>**Cumberland County Clerk** | *Official Use Only - Barcode* |
|---|---|
| *Official Use Only - Record & Return*<br><br>Weinstein & Riley, P.S.<br>2001 Western Ave, Suite 400<br>Seattle, WA 98121 | *Official Use Only - Realty Transfer Fee* |
| Date of Document:<br><br>2019-07-17 | Type of Document:<br><br>ASSIGNMENT OF MORTGAGE |
| First Party Name:<br><br>Atlantica, LLC | Second Party Name:<br><br>ISANTHES, LLC |
| Additional Parties: | |

| **THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY** | |
|---|---|
| Block: | Lot: |
| Municipality<br><br>MILLVILLE | |
| Consideration: | |
| Mailing Address of Grantee: | |

| **THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOKING & PAGING INFORMATION FOR ASSIGNMENTS, RELEASES, SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY** | |
|---|---|
| Original Instrument:<br>█████ | |
| Original Book:<br>█████ | Original Page:<br>█████ |

**CUMBERLAND COUNTY RECORDING DATA PAGE**
Please do not detach this page from the original document as it
contains important recording information and is part of the permanent record.

Recording Requested By:
Weinstein & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121-3132

When Recorded Mail To:
ISANTHES, LLC
2003 WESTERN AVE STE 340
SEATTLE, WA 98121

Prepared:   David Ussery
Reference No.: ███████

*Space above this line for Recorder's use only*

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

**Assignor:** ATLANTICA, LLC
**Assignee:** ISANTHES, LLC

For Value Received, the undersigned **ATLANTICA, LLC,** its successors and/or assigns, whose address is 2003 WESTERN AVE STE 340 SEATTLE, WA 98121 , hereby conveys, assigns, and transfers to **ISANTHES, LLC,** its successors and/or assigns, whose address is 2003 WESTERN AVE STE 340 SEATTLE, WA 98121 all interest under that certain Mortgage Dated: 5/18/2009, in the amount of $201,408.00 executed by JORGE L MEDINA to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MLD MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS.    Recorded: 5/29/2009, Instrument#: 342980, Book: 4058, Page: 2074 in CUMBERLAND County, State of New Jersey describing land herein as: **SEE ATTACHED 'EXHIBIT A.'**

This Assignment is not subject to the requirements of section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

Property Address: 404 HENDERSON AVENUE, MILLVILLE, NJ, 08332

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage/Deed of Trust/Security Deed.

Dated: 07/17/2019                                ATLANTICA, LLC

State of WASHINGTON
                                         §    Signature
County of KING                                Name: **ROGER SHADDUCK**
                                              Title: Authorized Representative

On 07/17/2019 before me, **ANGELIQUE C MILLER,** Notary Public, personally appeared **ROGER SHADDUCK,** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity(ies), and that by their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature *Angelique C Miller*

Notary Public: ANGELIQUE C MILLER

My Commission Expires: 04/25/2023



1

Cumberland County Clerk      BK 04182  PG 6479      07/17/2019 06:08 PM      4 of 4      ** End of Document **

Case 23-10216-ABA  Claim 9-1  Filed 03/27/23  Desc Main Document  Page 49 of 67
Exhibit - Filed Proof of Claim    Page 49 of 67

# EXHIBIT A

## LEGAL DESCRIPTION

The property consists of the land and all the buildings and structures on the land in the City of Millville, County of Cumberland and State of New Jersey. The legal description is:

Beginning at a concrete monument found in the Northwesterly line of Henderson Avenue (66 feet wide), said beginning point being in the division lines of Lots 32 and 33 on Plan hereinafter mentioned, said point being North 66 degrees 15 minutes 00 seconds East (erroneously stated as West in prior deed), a distance of 95.00 feet from the point of intersection of said Northwesterly line with the Northeasterly line of Mickle Street (66 feet wide); and running thence Along the line of Lot 33 North 23 degrees 45 minutes 00 seconds West a distance of 165.00 feet to a concrete monument found, being the common corner of Lots 32, 33, 50 and 51; thence Along the line of Lots 51 and 52, North 66 degrees 15 minutes 00 seconds East a distance of 94.00 feet to a concrete monument found, being the common corner of Lots 30, 31, 52 and 53; thence Along the line of Lot 30, South 23 degrees 45 minutes 00 seconds East a distance of 165.00 feet to a concrete monument found in the Northwesterly line of Henderson Avenue; thence

Along the said Northwesterly line, South 66 degrees 15 minutes 00 seconds West a distance of 94.00 feet to the point and place of beginning. Being Lot 7, Block 544, as shown, on the City of Millville Tax Map. For informational purposes only: Also known as Lot 7 in Block 544 on the City of Millville Tax Map.

Tax ID: ███

# RECORDING INFORMATION SHEET

**CUMBERLAND COUNTY CLERK'S OFFICE**
**60 WEST BROAD STREET**
**BRIDGETON NJ 08302**

| INSTRUMENT NUMBER: | DOCUMENT TYPE : |
|---|---|
| ▮ | **MORTGAGE** |

**Official Use Only**

GLORIA NOTO, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
▮
RECORDED ON
May 29, 2009  11:50 am
BOOK:4058  PAGE:2074

RMG

**Return Address** *(for recorded documents)*

EQUITITLE LLC
22 JACKSON MILLS ROAD
FREEHOLD NJ 07728

| | |
|---|---|
| **No. Of Pages** *(excluding Summary Sheet)* | 9 |
| **Recording Fee** *(excluding Transfer Tax)* | $110.00 |
| **Realty Transfer Tax** | $0.00 |
| **Amount Charged**    (Check # 85901) | $110.00 |
| **Parcel Information** | **Block** **Lot** |
| **First Party Name** | JORGE L  MEDINA |
| **Second Party Name** | MLD MORTGAGE INC |

MAIL COPY _____
NO COPY _____
ENVELOPE _____

**Additional Information (Official Use Only)**

ADDITIONAL STAMPINGS _____

******************************* *DO  NOT REMOVE  THIS  PAGE.*******************************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
***************** *RETAIN THIS PAGE FOR FUTURE REFERENCE.*********************

Return To:
**MLD MORTGAGE, INC. ATTN: POST CLOSING**

30-B VREELAND ROAD
FLORHAM PARK, NJ 07932
Prepared By:
**MLD MORTGAGE, INC.**
30-B VREELAND ROAD
FLORHAM PARK, NJ 07932

LOAN NO.: █████████

MIN: ██████████
MERS Phone: 1-888-679-6377

*EQ 17337*

**Record & Return to:**
**Equititle, LLC**
**22 Jackson Mills Road**
**Freehold, NJ 07728**

──────────── [Space Above This Line For Recording Data] ────────────

┌─────────────────────────────┐
│ FHA Case No.                │
│ ████████████                │
└─────────────────────────────┘

**State of New Jersey**

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on          **MAY 18, 2009**
The Mortgagor is
**JORGE L. MEDINA**

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and existing under the laws of Delaware, and has a mailing address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**MLD MORTGAGE, INC.**

("Lender") is organized and existing under the laws of          **NEW JERSEY**          , and
has an principal office and mailing address of
**30-B VREELAND ROAD, FLORHAM PARK, NJ 07932**
                                        . Borrower owes Lender the principal sum of
**TWO HUNDRED ONE THOUSAND FOUR HUNDRED EIGHT AND NO/100 X X X X X X X X X X X X X X X X X**
                                        Dollars (U.S. $          **201,408.00**          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on          **JUNE 01, 2039**          .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest,

Initials: **JLM**

FHA New Jersey Mortgage with MERS - 4/96
V-4N(NJ) (0305).01                          Page 1 of 8                          Amended 2/01
                                                            LENDER SUPPORT SYSTEMS, INC. MERSNJ.NEW (07/06)

advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. This Security Instrument and the Note secured hereby are subject to modification (including changes in the interest rate, the due date, and other terms and conditions), as defined in New Jersey Laws 1985, ch. 353, Section 1 et seq., and upon such modification, shall have the benefit of the lien priority provisions of that law. The maximum principal amount secured by this Security Instrument is $                    . For these purposes, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in

**CUMBERLAND**                                          County, New Jersey:

**LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF. ......AND BEING MORE PARTICULARLY DESCRIBED IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

which has the address of            **404 HENDERSON AVENUE**                    [Street]
          **MILLVILLE**          [City], New Jersey      08332      [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

# First American Title Insurance Company

SCHEDULE C

LEGAL DESCRIPTION

File No.: ████████

ALL that certain lot, parcel or tract of land, situate and lying in the City of Millville, County of Cumberland, State of New Jersey, and being more particularly described as follows:

BEGINNING at a concrete monument found in the Northwesterly line of Henderson Avenue (56 feet wife), said beginning point being in the division line of Lots 32 and 33 on Plan hereinafter mentioned, said point being North 68 degrees 15 minutes 00 seconds East ( erroneously stated as West in prior deed) a distance of 95.00 feet from the point of intersection of said Northwesterly line with the Northeasterly line of Mickle Street ( 66 feet wide), and running thence;

1.  Along the line of Lot 33, North 23 degrees 45 minutes 00 seconds West a distance of 165.00 feet to a concrete monument found, being the common corner of Lots 32, 33, 50 and 51; thence

2.  Along the line of Lots 51 and 52, North 68 degrees 15 minutes 00 seconds East a distance of 94.00 feet to a concrete monument found in the Northwesterly line of Henderson Avenue, thence;

3.  Along the line of Lot 30, South 23 degrees 45 minutes 00 seconds East a distance of 165.00 feet to a concrete monument found in the Northwesterly line of Henderson Avenue, thence;

4.  Along the said Northwesterly line of South 66 degrees 15 minutes 00 seconds West a distance of 94.00 fee to the point and place of beginning.

BEING Lot 7, Block 544 as shown on the City of Millville Tax Map.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 7 in Block 544 on the City of Millville Tax Map.

*Issued by:*
***Equititle, LLC***
150 Airport Road
Unit 300
Lakewood, NJ 08701
Telephone: 732-987-4090   Fax 732-987-4088

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

<u>First,</u> to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

<u>Second,</u> to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

<u>Third,</u> to interest due under the Note;

<u>Fourth,</u> to amortization of the principal of the Note; and

<u>Fifth,</u> to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or

abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

    **(a) Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

        (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

        (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

    **(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| | |
|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Growing Equity Rider |
| ☐ Graduated Payment Rider | ☐ Planned Unit Development Rider | ☐ Rehabilitation Loan Rider |
| ☐ Other(s) [specify] | | |

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_Melissa A Redrup_
_____
-Witness

_____
-Witness

_Jorge L. Medina_
_____(Seal)          _____(Seal)
JORGE L. MEDINA
-Borrower                                         -Borrower

_____(Seal)          _____(Seal)
-Borrower                                         -Borrower

_____(Seal)          _____(Seal)
-Borrower                                         -Borrower

_____(Seal)          _____(Seal)
-Borrower                                         -Borrower

STATE OF NEW JERSEY                          Atlantic                          County ss:

On this 18th day of May, 2009                          , before me, the subscriber,
personally appeared
JORGE L. MEDINA

who, I am satisfied, is/are the person(s) named in and who executed the within instrument, and thereupon acknowledged that he/she/they signed, sealed and delivered the same as his/her/their act and deed, for the purposes therein expressed.

> MELISSA A REDRUP
> Notary Public
> State of New Jersey
> My Commission Expires Aug 10, 2009

_Melissa A Redrup_
Notary Public

V -4N(NJ) (0305) 01                          Page 8 of 8

# AMENDED AND RESTATED NOTE   FHA Case No.

**Multistate**

DocID#:

May 18, 2009

**404 HENDERSON AVENUE**
**MILLVILLE, NJ   08332**

### 1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns.  "Lender" means BAC Home Loans Servicing, LP and its successors and assigns.

### 2.  BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of Two Hundred Sixteen Thousand Two Hundred Fifty Eight Dollars and Thirty  Cents (Dollars U.S. $216,258.30) plus interest, to the order of Lender.   Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of Four Point Eight Seven Five percent (4.875%) per year until the full amount of principal has been paid.

### 3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument."   The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4.  MANNER OF PAYMENT

**(A)  Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on February 01, 2011.   Any principal and interest remaining on the first day of January 01, 2041, will be due on that date, which is called the "Maturity Date."

**(B)  Place**

Payment shall   be made at
155 North Lake Avenue  Pasadena, California  91109
or at such place a Lender may designate in writing by notice to Borrower.

**(C)  Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $1,144.46.   This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D)  Allonge to this Note for payment adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.   [Check applicable box]

Graduated Payment Allonge          Growing Equity Allonge          Other [specify]

### 5.  BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month.   Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary.   If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payments unless Lender agrees in writing to those changes.

Page 1 of 2          FHA Multistate Fixed Rate Note - 10/95
Initials: JLM



**BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.**

4

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four  percent ( 4% ) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest.  Lender may choose not to exercise this options without waiving its rights in the event of any subsequent default.  In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults.  This Note does not authorize acceleration when not permitted by HUD regulations.  As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law.  Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the right of presentment and notice of dishonor.  "Presentment" means the right to require Lender to demand payment of amounts due.  "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address. Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  Lender may enforce its rights under this Note against each person individually or against all signatories together.  Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, borrower accepts and agrees to the terms and covenants contained in this Note.

_Jorge L Medina_

JORGE L MEDINA

PAY TO THE ORDER OF
**BANK OF AMERICA, N.A.**
WITHOUT RECOURSE
BAC HOME LOANS SERVICING, LP
BY RECONTRUST COMPANY, N.A.
AS ATTORNEY-IN-FACT

BY: _Patricia Liddell_
PATRICIA LIDDELL
ASSISTANT VICE PRESIDENT

---

PAY TO THE ORDER OF
Secretary of Housing and Urban Development of
Washington D.C., and his/her successors and assigns
WITHOUT RECOURSE
BANK OF AMERICA, N.A.
BY RECONTRUST COMPANY, N.A.
AS ATTORNEY-IN-FACT

BY: _____
NOAH WALLACE
ASSISTANT SECRETARY

**Multistate**

# NOTE

FHA Case No.

LOAN NO.:

MERS Phone: 1-888-679-6377

**MAY 18, 2009**
[Date]

**404 HENDERSON AVENUE, MILLVILLE, NJ  08332**
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means

**MLD MORTGAGE, INC.**

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of

**TWO HUNDRED ONE THOUSAND FOUR HUNDRED EIGHT AND NO/100 X X X X X X X X X X X X X X X X**

Dollars (U.S. $       201,408.00       ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of   **FIVE AND 000/1000THS**
percent (       5.000       %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
**JULY, 2009**                          . Any principal and interest remaining on the first day of       **JUNE, 2039**
, will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at **MLD MORTGAGE, INC. ATTN: LOAN PAYMENT CENTER**
**30-B VREELAND ROAD, FLORHAM PARK, NJ  07932**                          or at such place as Lender may designate in writing
by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $       1,081.20       . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge    ☐ Growing Equity Allonge    ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

Initials: JLM

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of **15** calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR** percent ( **4.000** %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)     _____ (Seal)
JORGE L. MEDINA                    -Borrower                                           -Borrower

PAY TO THE ORDER OF:
Bank of America, N.A.
_____ (Seal)     _____ (Seal)
                                   -Borrower                                           -Borrower
WITHOUT RECOURSE
MLD MORTGAGE, INC.
A NEW JERSEY CORPORATION
_____ (Seal)     _____ (Seal)
BY: PHILIP MANCUSO, EXEC. VICE PRESIDENT -Borrower                                 -Borrower

_____ (Seal)     _____ (Seal)
                                   -Borrower                                           -Borrower

| **ReqID:** | 3673122 | **Trailing Document Header** | **Date** | 1/2/2019 |



## CL-ALLONGE-SOLD

**Loan Number:** <span>████</span>    **Borrower Name**    Jorge L Medina

**Borrower Address**   404 HENDERSON AVENUE MILLVILLE, NJ 08332

| **From** | Bayview Dispositions IIIa, LLC |
| **To:** | ATLANTICA, LLC |
| **SS:** | SO |

# *Capture job name: COLL_LOANSALES_SCN*

**Return To:**    **CL-LIAISON-PURCHASER-RECORDING**

**Doc Description**    **Return to Requestor**



| **Doc Count** | 402 | ***Deal Id:*** | H-15194-31 |
| **Shipping Batch:** | | **20721** | **Item:** | 55 |

| *OFFICE USE ONLY:* | |
| **Signor:** | (ESLOAN SOTOLONGO as AVP-ROGER notary) |
| **Sold To:** | TRIFERA 12-31-2018 |
| **Contact:** | |
| **Ship Contact:** | |
| **Address:** | UNRECORDED DOCUMENTS: ATTN: JOURNIE PINSON AT METASOURCE    2860 Exchange Blvd., Suite 100, Southlake, TX  76092    TRAILING DOCUMENTS: ATLANTICA, LLC |
| **Comments:** | CC Roger Shadduck on shipping information emails |

ALLONGE TO NOTE          BV# ███████

Statement of Purpose: This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsement to evidence a transfer of interest.

BORROWER:        Jorge L Medina

CO-BORROWER:

CO-BORROWER:

OBAL:            $201,408.00

NOTE DATE        5/18/2009

ADDRESS:         404 HENDERSON AVENUE MILLVILLE, NJ 08332

PAY TO THE ORDER OF:

ATLANTICA, LLC

WITHOUT RECOURSE:

Bayview Dispositions IIIa, LLC

BY: _____

NAME:    ESLOAN SOTOLONGO

TITLE:   Assistant Vice-President

| ReqID: | 3673121 | **Trailing Document Header** | Date | 1/2/2019 |
|---|---|---|---|---|



## CL-ALLONGE-SOLD

**Loan Number:** ███████    **Borrower Name**    Jorge L Medina

**Borrower Address**   404 HENDERSON AVENUE MILLVILLE, NJ 08332

> **From**  BAYVIEW LOAN SERVICING, LLC
>
> **To:**   Bayview Dispositions IIIa, LLC
>
> **SS:**   SO

# *Capture job name: COLL_LOANSALES_SCN*

**Return To:**      **CL-LIAISON-PURCHASER-RECORDING**

**Doc Description**   **Return to Requestor**



| **Doc Count** | 402 | ***Deal Id:*** | H-15194-31 |
|---|---|---|---|
| **Shipping Batch:** | | **20721** | **Item:** 54 |

---

**OFFICE USE ONLY:**

**Signor:**   (ESLOAN SOTOLONGO as AVP-ROGER notary)

**Sold To:**   TRIFERA 12-31-2018

**Contact:**

**Ship Contact:**

**Address:**   UNRECORDED DOCUMENTS: ATTN: JOURNIE PINSON AT METASOURCE      2860 Exchange Blvd., Suite 100, Southlake, TX  76092                TRAILING DOCUMENTS: ATLANTICA, LLC

**Comments:**   CC Roger Shadduck on shipping information emails

ALLONGE TO NOTE          BV# ████████

Statement of Purpose: This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsement to evidence a transfer of interest.

BORROWER:      Jorge L Medina

CO-BORROWER:

CO-BORROWER:

OBAL:          $201,408.00

NOTE DATE      5/18/2009

ADDRESS:       404 HENDERSON AVENUE MILLVILLE, NJ 08332

PAY TO THE ORDER OF:

Bayview Dispositions IIIa, LLC

WITHOUT RECOURSE:

BAYVIEW LOAN SERVICING, LLC

BY: _____

NAME:    ESLOAN SOTOLONGO

TITLE:   Assistant Vice-President